tions which were raised in the case of Pennsylvania R. Co. v. Duncan, which has been removed to that court by writ of error.

*A. H. Wintersteen* and *Wayne MacVeagh* for plaintiff in error.

(No brief was filed for defendant in error.)

PER CURIAM:
Judgment affirmed.

---

# Annie P. Good's Appeal.

---

## Owen B. Good's Estate.

A testator gave certain specific articles to his wife "and also the interest of $6,000 during her natural life," the above amount to remain "in his farm;" and further provided, "and also my beloved wife shall have yearly for her support until my estate is settled, one half of the net proceeds of the farm." *Held*, that the wife was not entitled to interest on the $6,000 from the date of the death of the testator to the date of the sale of the farm.

(Argued March 1, 1888. Decided April 30, 1888.)

January Term, 1888, No. 211, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and CLARK, JJ. Appeal of Annie P. Good from a decree of the Orphans' Court of Berks County dismissing exceptions to the adjudication of the account of J. W. Good et al., executors of Owen B. Good, deceased. Affirmed.

Owen B. Good died February 5, 1885, leaving a will in which he provided, *inter alia*, as follows:

3. I value and appraise my farm containing 217 acres at $72 per acre; and either of my children may take it at that valuation. If neither take it, my executors shall dispose of it at public sale.

4. I will and bequeath to my beloved wife, Annie P. Good, a bedroom set consisting of bureau, bedstead with bedding com-

plete, wash stand, and three chairs; also sofa, one half dozen hair-cushioned chairs, rocker, hair-cushioned, and one cane-seat rocker, and my horse, carriage, and harness, and also the interest of $6,000 during her natural life, the above amount to remain in the property, the interest of said amount to be paid to her annually, and at her death the said amount to be divided equally, share and share alike, between my son Dr. J. W. Good and my two daughters L. Fannie Sheeler, wife of H. E. Sheeler, and Laura E. Kurtz, wife of B. F. Kurtz. Providing, should either or both of my daughters die before my beloved wife, their respective shares of the above dower shall go directly to their children at my widow's death; and also my beloved wife shall have yearly for her support until my estate is settled, one half the net proceeds of the farm, after the expenses of keeping the farm in repairs are paid.

9. I also desire that my executors shall settle my estate in two years from my decease.

The children refused to accept the farm at the valuation put upon it by the testator. The executors accordingly sold it receiving for it $11,000. Six thousand dollars was charged upon it as directed by the decedent. The widow claimed interest on $6,000 from the date of her husband's death to the date of the sale of the farm.

The auditing judge, Schwartz, reported on this claim as follows:

The widow's counsel ask for a construction of the will, so far as her interests under it are concerned. Their construction is that the widow is entitled to the interest on $6,000 from the time of her husband's demise, and also to the net half of the net income of the farm until disposed of under the direction of the will. Wills are construed from their four corners. A testator's intent can only be gathered from the context of his will—every will should be construed in such a way that testator's intentions might be attained and effected.

The will before me for interpretation was prepared with considerable care and intelligence. Will it bear the construction sought to be put upon it? The testator gave his executors two years for the settlement of his estate. No troubles were connected with its settlement. All was plain and clear sailing. Debts and liabilities were few. His personal estate was not

large. The sale and conversion of his real estate could all have been effected within a year. The only motive which could have possibly induced him to allow them two years was to sell his real estate to advantage. Before such sale and transfer of property there was no $6,000 in hand to pay her said interest. His intent was, however, to provide for her to the time her real estate should pass out of his executors' hands; hence, he made and provided as follows: "And also my beloved wife shall have yearly for her support, until my estate is settled, one half of the net proceeds of the farm after the expense of keeping the farm in repairs are made."

In my opinion he intended to bequeath to his wife one half of the net income of his farm, until the same should be sold and have passed into the possession of the purchaser, and thereafter she should be endowed annually with the interest on said $6,000. . . .

Exceptions to the adjudication were dismissed by the court, and the widow took this appeal, assigning as error the refusal of the court to allow her interest on $6,000 from the date of the decedent's death to the date of the sale of the farm.

*J. Frank E. Hause, H. Willis Bland,* and *R. Jones Monaghan,* for appellant.—The testator gives his wife, who was the chief object of his bounty: (1) Certain chattels; (2) "and also" the interest of $6,000 during her natural life; (3) "and also" one half of the net proceeds of the farm, until the estate is settled.

Unless the words "and also" are stricken out and rendered of no effect, the widow is clearly entitled to the three gifts.

They cannot be construed "or" in the alternative. The testator does not anywhere say that any of these legacies are in lieu of the other.

Unless, therefore, a new will is written for Owen B. Good, other than the one he wrote, his widow must receive these legacies.

But we interpret his will, not by what we imagine he may have intended to say, but by the meaning of his words. Hancock's Appeal, 112 Pa. 532, 5 Atl. 56; Baker's Appeal, 115 Pa. 590, 8 Atl. 630.

If there were but the gift of the annuity there would be no ground left on which to hang an argument for the appellee. The legacy would then read: "I bequeath to my beloved wife

the interest of $6,000 during her natural life." It cannot be doubted, if no more were in the will, that this "interest" would commence to run from the day of the testator's death. Wms. Exrs. 747; Eyre v. Golding, 5 Binn. 473.

The clause of the same sentence, "the interest of said amount to be paid to her annually," certainly does not limit or qualify the gift itself. It merely prescribes the times of the payment thereof.

In both instances the phrase is "and also." And, in both, "and also," means "and also," "in addtion to," "besides that previously given," and not "or," "in lieu of," or "until." The court below has stricken these significant words out of the testator's will and refused to give them any effect. The phrase "for her support until my estate is settled," in the third item of legacy to testator's wife, in no way limits the gift itself. She is entitled to it absolutely, whether "for support" or not. Beck's Appeal, 46 Pa. 533.

*H. P. Keiser* and *J. H. Jacobs* for appellees.

PER CURIAM:

The interpretation put upon the will of Owen B. Good by the court below is so clear and obvious that we cannot see why anyone should take exception to it.

The appeal is dismissed and the decree affirmed, at the costs of the appellant.

---

## Levi Bennethum, Plff. in Err., *v.* Harvey G. Long.

In an action against a constable for a wrongful levy on and sale of certain specific articles claimed by the plaintiff, the defendant offered to prove that the plaintiff lived with his father, who was a cabinet maker; that the business was alternately carried on by the father, mother, and son; that purchases were made by the one ostensibly carrying on the business, and that as soon as judgment was obtained, it changed to another member of the family and the ownership of the property was denied by the defendant in the judgment. *Held,* that the offer was properly rejected, as the ownership of the business was immaterial to the issue.

In the above case defendant also offered to prove by an insurance agent that a year after the levy and sale a fire occurred on the premises, and that plaintiff's father claimed the amount of insurance on the articles